UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

DMV, Trooper Hawley Rae, Mr. Maracuso

Melissa Countway, Individually

JURISDICTION

1.     This new cause of action for damages is brought pursuant to 42 U.S.c.1983, Jurisdiction is founded upon 28 U.S.C. 1331 (1)(3)(4), and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of the court under 28 U. S. C. 1367 (a) to her and adjudicate state law claims.  Plaintiff claims a trial by jury.

PARTIES

Plaintiff Josephine Amatucci, at Post Office Box 272, Wolfeboro Falls, NH 03896, is a Citizen of the United States and a resident of Wolfeboro, N.H.

Melissa Countway, INDIVIDUALLY,

Trooper Hawley Rae, #1216 of the NH State Poice, 139 Iron works Road, Concord, NH.

Department of Motor Vehicles Officially

Director of DMV........Mr. Maracuso, Officially and Individually

COMPLAINT INTRODUCTION

1.        The Judge in the previous docket as listed above made a statement that the

1

*Page 1 (a)    Page 1*
*Total 13 Pages*

Plaintiff's claims were .... "LARGELY"....seeking the same relief, which were dismissed by the Court.

2.      However, the relief that the Plaintiff was LARGELY seeking was a jury trial of her peers for the violation of her Federal Constitutional Due Process Rights that were denied her by the DMV when they refused to allow her Due Process Rights to a HEARING before her license to drive was suspended. A HEARING where she was able to defend herself with exculpatory evidence that she did not violate any traffic laws, and defend herself with the submission of a letter from her primary care physician to the Court stating that she had no mental or physicial disabilities. All evidence which proved Deliberate Indifference of the DMV when in a continuing conduct they r efuse to give the victims their rights to a Hearing, as a past incident with the Wolfeboro Police Chief Dean Rondeau who ordered that the DMV have me re-examined and where the DMV did not give me the right to a hearing before ordering a re-examination. And where I was able to prove that I was not guilty of the crime that Rondeau was accusing me of. With evidence that I was not in Wolfeboro that day, where Rondeau was accusing me of driving erratically. I was in Massachusetts at the time and could prove it.

3.      A claim plain and simple where her LIBERTY RIGHTS WERE DENIED and if so under Federal Constitutional Law, the Plaintiff is allowed a jury trial of her peers for damages, for the violation of her LIBERTY RIGHTS.

4.      That therefore, this Court under the Sixth Amendment will allow the Plaintiff a very elderly person of 86 years old, a trial ......WITHOUT FURTHER DELAY.

WHEREFORE: This claim is plain and simple that her rights to a HEARING before her license was suspended, was denied, in violation of her Liberty Rights under Federal Law, under Due Process, and where under 1983, the Plaintiff is allowed a jury rial of her peers, for damages, as no arbitrary local adminsitrative rule of the DMV ordering her to be re-can/will override one's Federal Constitutional Rights.

*Josephine Amatucci*

2

Page 2 (a)

5 .    That, although the Plaintiff begged for a...." HEARING".... before her license was suspended, before having to submit to be re-examined, by the DMV, under an ADMINISTRTIVE PROCEDURE, begged for a HEARING where she was able to present exculpatory evidence against any traffic violations, or that she was no threat to the public, supported by evidence by her Primary Care Physician, confirming that she had no mental or physical disabilities, wherefore, the denial of a Hearing was a violation of her Federal Constitutional Rights under Due Process, when the the DMV ignored her evidence, and suspended her license under an administrative procedure. In violation of the Fourteenth Due Process Rights, under the LAW OF THE LAND which allows the Plaintiff damages before a jury trial of her peers, under 1983. That no management of the docket can interfere with the Plaintiff's Federal Constitutional Rights by this Court. It is the LAW OF THE FEDERAL GOVERNMENT that manages the docket, that determines what proceeds in this case, it is the LAW that manges the docket, not the adminsitrative rules and procedures of a court. And in this case, no management is necessary by the Court, as the evidence admits this case directly to a jury trial for damages, where no mangement is necessary, that the case is simply presented to a jury trial of her peers for damages.

6.    That this case is ripe for damages when the DMV illegally and unlawfully and in Deliberate Indifference suspended her license under local adminsitrative rules that have no authority OVER HER FEDERAL CONSTITUTIONAL RIGHTS.

7.    That it is to be noted that this is the second time DMV in Deliberate Indifference refused to give the Plaintiff a Hearing before they ordered her to be re-examind. As in the past the FORMER Police Chief Dean Rondeau, of Wolfeboro, contacted the DMV to have the Plaintiff re-examined, accusing her of a crime she later proved she never committed. Yet the DMV, without allowing her the right to a Hearing, ordered her to be re-examined. An Act of Deliberate Indifference.

3    *Page 3 (a)*

8.  Howevr, the Plaintiff was able to produce exculpatary evidence that she was not in Wolfeboro, NH at the time Rondeau was falsely accusing her of a traffic violation, she was able to prove she was in Massachusetts at the time, as she had as evidence a deposit slip she made in a Massachusetts bank at the same time she was suppose to be involved in a traffic violation in New Hampshire, according to Officer Dean Rondeau.

WHEREFORE: Under her rights under the FEDERAL CONSTITUTION, THE LAW OF THE LAND, under 1983 the Plaintiff is allowed, and is MANDATING tht a jury trial of her peers be ordered immediately by the Court, for damages, for the denial of her liberty rights, in the unlawful denial of her Federal Constitutional rights by the defendants, when she was denied a HEARING before her license to drive was suspended, a trial, to be held without further delay, that is a SPEEDY TRIAL, as mandated under the Sixth Amendment, for the elderly.

Respectfully,

Josephine Amatucci

March 10, 2025

c. DMV, Rae

*Josephine Amatucci*

4

PAGE 4 (a)