## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

JOSEPHINE AMATUCCI

     v.                         Civ. No. 25-cv-107-JL-TSM

MELISSA COUNTWAY
HAWLEY RAE
NEW HAMPSHIRE DEP'T OF MOTOR VEHICLES
AND DIRECTOR JOHN MARASCO

## REPORT AND RECOMMENDATION

     Self-represented plaintiff Josephine Amatucci, appearing in forma pauperis, filed a complaint (Doc. No. 1) against a New Hampshire judge, a New Hampshire State Trooper, the New Hampshire Department of Motor Vehicles ("DMV"), and the Director of the DMV. Mrs. Amatucci claims that her constitutional rights were violated when her driver's license was suspended. Mrs. Amatucci's complaint is before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## STANDARD OF REVIEW

     The magistrate judge conducts a preliminary review of pleadings, like Mrs. Amatucci's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## CLAIMS

A liberal construction of her complaint shows that Mrs. Amatucci, invoking 42 U.S.C. § 1983, asserts that the DMV and its Director, John Marasco, violated Mrs. Amatucci's constitutional rights by suspending Mrs. Amatucci's driver's license in an administrative proceeding without first providing her a hearing.

## DISCUSSION

### I.    Claim Preclusion/Res Judicata

The doctrine of claim preclusion, sometimes called res judicata, precludes a plaintiff from asserting claims in a lawsuit which were previously asserted in an earlier suit, if "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Metzler Asset Mgmt. GmbH v. Kinsley, 928 F.3d 151, 156 (1st Cir. 2019) (citation omitted). The doctrine of claim preclusion also "bars parties from relitigating claims that could have been made in an earlier suit," even if they were not actually made in the earlier suit. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

### A.  Prior Decision

Based on a more expansive version of the same facts as presented here, Mrs. Amatucci previously sued, among others, Judge Countway, Trooper Rae, and DMV Director Marasco in this court in case No. 22-cv-202-SM-AJ ("the 202 case"). In the 202 case, Mrs. Amatucci claimed that: 1) that Trooper Rae unconstitutionally reported to DMV that Mrs. Amatucci's driving ability should be retested; 2) Director Marasco unconstitutionally ordered a license re-examination for

Mrs. Amatucci without a hearing and in retaliation for her exercising her First Amendment rights; and 3) an eventual suspension without a hearing violated her constitutional rights.  202 Case, March 28, 2024 Report and Recommendation (Doc. No. 25) at 9. The court entered judgment in the defendants' favor in the 202 case after granting their motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). See July 29, 2024 Order Approving Report and Recommendation (Doc. No. 53); Judgment (Doc. No. 54)  Mrs. Amatucci did not appeal the dismissal to the First Circuit Court of Appeals.[1]

   B.  Analysis

   It is beyond any reasonable dispute that all the elements of res judicata are met here. First, dismissal for failure to state a claim is a "final judgment on the merits." See Salvati v. Fireman's Fund Ins. Co., 368 F. Supp. 3d 85, 91 (D. Mass. 2019) ("Dismissals under Rule 12(b)(6) . . . are considered final judgments on the merits . . . . " (internal quotation marks and citation omitted)). Next, the causes of action in both cases are sufficiently identical or related, as both are premised on Mrs. Amatucci's licensure. See  Mass. Sch. of Law at Andover, Inc., v. Am. Bar. Ass'n, 142 F.3d 26, 38 (1st Cir. 1998) (noting that the "sufficiently identical or related" inquiry turns on whether "the causes of action arise out of a common nucleus of operative facts.").  Finally, every party in this case was a party in the 202 case. As final judgment was entered in the 202 case, and the parties and causes of action in the two cases are identical, all elements of res judicata are present and this action should be dismissed.

----

[1] Although she did not appeal the adverse judgment in the 202 case, Mrs. Amatucci filed nine motions for post-trial relief, all of which were denied. Despite being ordered not to make any other filings in the case and being warned that continued filings could result in sanctions, she filed two additional, repetitive motions. As a result, the court directed the Clerk's office to return any future filings in the 202 case to Mrs. Amatucci undocketed. See 202 Case, February 28, 2025 Order (Doc. No. 65). The Complaint in this case was filed roughly three weeks later.

**CONCLUSION**

Based on the foregoing, res judicata bars this action asserting identical claims against the same parties the court dismissed in the 202 case. The District Judge should therefore dismiss this case. If the District Judge adopts this recommendation, all other pending motions should be terminated as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

Date: April 14, 2025

cc: Josephine Amatucci, pro se